IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


TAYLOR JUDD,                             Civ. No. 1:15-cv-00137-AA

        Plaintiff,                       **ORDER**

    v.

GARY C. GUNDERSON; SHEILA R.
GUNDERSON,

        Defendants.

---

AIKEN, District Judge.

This matter comes before the Court on Defendants' Motion to Dismiss. ECF Dkt. # 13. Plaintiff has not responded to Defendants' Motion and the time for doing so has now passed. For the reasons set forth below, Defendants' Motion is GRANTED.

### Background

On December 21, 2005, the parties entered into an agreement by which Defendants agreed to purchase a 1997 Silver Crest Triplewide for $122,000, "or the remaining balance that is owed to Chase Manhattan Bank, which is the current security interest holder." Am. Compl., Ex. B. The agreement provided that "[t]he Triplewide shall be transferred to purchase[r] upon

Page 1 – ORDER

payoff of said loan when purchaser herein refinances the property or the due date of the current installment note executed by the purchasers, no later than December, 2006." *Id.* Plaintiff alleges that Defendants have an ongoing duty to pay Plaintiff the amount of $122,000 at 7.5% interest from December 21, 2005, and that Defendants have not done so.

On January 25, 2006, Defendants entered into a second agreement by which Defendants promised to pay Plaintiff $500,000 at 7.5% interest. "Principal balance, accrued interest and any applicable costs all due and payable on or before January 25, 2009." Am. Compl., Ex. A. Plaintiff alleges that Defendants still owe $361,128 in principal, plus 7.5% interest accruing from January 25, 2009.

## Legal Standard

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a complaint is construed in favor of the plaintiff and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the [c]omplaint[.]" *Daniels-Hall*, 629 F.3d at 998.

## Discussion

Defendants move to dismiss this action, arguing that Plaintiff's action to enforce the debts is time barred. Plaintiff has not filed a response to Defendants' motion to dismiss and the time for doing so has now passed.

### I. Action on Unpaid Notes

Plaintiff's first claim seeks to enforce the unpaid notes attached as Exhibits A and B to Plaintiff's Amended Complaint. Exhibit A, identified as "Installment Note Interest Only," was signed by Defendants on January 25, 2006.[1] Exhibit A provides that:

> [Defendants] promise to pay to the order of Taylor Judd, an estate in fee simple [sic], the sum of Five Hundred Thousand and 00/100 ($500,000.00) with interest thereon at the rate of 7.5 per cent per annum from January 30, 2006 until paid, payable in monthly interest only installments; the first payment to be made on January 25, 2008 and a like payment on the same day each month thereafter until the whole sum of principal and interest has been paid in full or otherwise indicated herein. . . . Principal balance, accrued interest and any applicable costs all due and payable on or before January 25, 2009.[2]

The Amended Complaint alleges that Defendants still owe $361,128, plus interest accruing at 7.5% from January 25, 2009 on the note attached as Exhibit A.

Exhibit B, identified as "Additional Agreement between Buyer/Seller," was signed by the parties on December 21, 2005.[3] Exhibit B provides:

> The undersigned parties hereby agree and understand that in addition to the purchase of the property located at 1205 Carpenter Hill Medford, Oregon. [sic] Purchaser herein agrees to purchase the 1997 Silver Crest Triplewide that is currently located at the above address for the amount of $122,000.00 or the remaining balance that is owed to Chase Manhattan Bank, which is the current security interest holder. The Triplewide shall be transferred to purchase [sic] upon payoff of said loan when purchaser herein refinances the property or the due

---

[1] It does not appear that Plaintiff signed the note attached as Exhibit A, although he is named in it.
[2] Exhibit A does not clearly express *why* Defendants promised to pay $500,000 to Plaintiff at 7.5% interest. It is not clear what, if anything, was given in consideration for this promise.
[3] It is not clear what other agreement Exhibit B is meant to supplement. The Amended Complaint seems to suggest that it is an addition to Exhibit A, but Exhibit A was signed more than a month after Exhibit B. From the text of Exhibit B, it appears that there was some earlier agreement between the parties involving the sale of real property.

date of the current installment note executed by the purchasers, no later than December, 2006.[4]

The Amended Complaint alleges that Plaintiffs owe the entire sum of $122,000, plus 7.5% interest accruing from December 21, 2005. As a preliminary matter, I note that Exhibit B contains no reference to a 7.5% interest rate.

"A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). Oregon law provides that "an action to enforce the obligation of a party to a note payable at a definite time must be commenced within six years after the due date or dates stated in the note." ORS 73.0118(1).

For Exhibit A, the plain terms of the note indicate that the entire sum is due no later than January 25, 2009. Pursuant to ORS 73.0118(1), an action to enforce such a note must have been commenced within six years of that date. Plaintiff filed the original complaint in this case on January 26, 2009, more than six years after the due date stated in the note. An action to enforce the note attached as Exhibit A is therefore time-barred.

As for the note attached as Exhibit B, the terms of that note appear to require that the payment be made "no later than December, 2006." Plaintiff commenced this action on January 26, 2009, more than six years after the due date stated in the note. An action to enforce the note attached as Exhibit B is therefore time-barred.

---

[4] It is unclear what precisely was intended by the language of Exhibit B. It appears that Plaintiff had a loan with Chase Manhattan Bank, which was secured by the Triplewide, but the language indicates that Defendants were to refinance some other loan before the transfer of the Triplewide was to occur. Exhibit B also references a "current installment note" between the parties, but the only other note in the record is Exhibit A, which was signed more than thirty days later. For the purposes of this motion, I will assume that Exhibit B is a promissory note for the sum of $122,000.

Page 4 – ORDER

## II. *Quantum Meruit*/Fraud

Plaintiff's second claim for relief alleges that Defendants fraudulently induced Plaintiff to enter into the notes, with no intention or ability to repay Plaintiff and that Defendants have been unjustly enriched. Defendants move to dismiss this claim on the basis that it is likewise time-barred. Plaintiff has not responded to Defendants' motion and the time for responding has now passed.

The terms of the notes at issue are set forth above. Repayment of Exhibit B was to be complete no later than December 2006. Repayment of Exhibit A was to be complete no later than January 25, 2009. Defendants did not satisfy either note. The Amended Complaint alleges that "[o]n numerous occasions during the six years prior to the filing of this complaint, plaintiff has demanded from defendants payment of the value of the services rendered but defendants have failed and refused and continue to fail and refuse to pay such sums to plaintiff[.]"

I turn first to Plaintiff's *quantum meruit* claim. "A claim for *quantum meruit* is a quasi-contractual claim." *Safeport, Inc. v. Equip. Roundup & Mfg., Inc.*, 184 Or. App. 690, 706 (2002). "The elements of the claim are a benefit conferred, awareness by the recipient that a benefit has been received, and judicial recognition that, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it." *Id.* A *quantum meruit* or quasi-contract claim "sounds in contract," and has the same six-year statute of limitations as an express contract claim. *Jaqua v. Nike, Inc.*, 125 Or. App. 294, 297-99 (1993). As I have previously determined that Plaintiff's contract claims are time-barred, I conclude that any claim under a theory of *quantum meruit* is similarly time-barred.

I turn then to Plaintiff's claim for fraud. Under Oregon law, an action for fraud or deceit must be commenced within two years and this limitation "shall be deemed to commence only from the discovery of the fraud or deceit." ORS 12.110(1).

Defendant argues that the claim should have accrued on the due date of the notes, but Plaintiff need not assume that simply by defaulting on the loan Defendants were engaged in fraud or deceit. Although the Amended Complaint alleges that Plaintiff has made repeated demands for payment over the course of the six years that passed between the due date and the commencement of this action, it is not clear from the Amended Complaint when, precisely, Plaintiff learned of the alleged fraud or deceit. Without more precise pleading, I cannot say with certainty whether Plaintiff's claim for fraud is time-barred.

Nor is Plaintiff's fraud claim free of other defects. Plaintiff has not adequately pled the elements of a claim for fraud. *See Webb v. Clark*, 274 Or. 387, 391 (1976). Although these defects justify dismissal, I conclude that Plaintiff should be given the opportunity to amend his claim for fraud.

/////////////////////////////////////////
////////////////////////////////////
/////////////////////////////
////////////////////////

## Conclusion

Defendants' Motion to Dismiss, ECF Dkt. # 13, is GRANTED. Plaintiff's First Claim is DISMISSED with prejudice. Plaintiff's Second Claim is DISMISSED with prejudice as to Plaintiff's claim for *quantum meruit* and with leave to amend as to Plaintiff's claim for fraud. Plaintiff is directed to file an amended complaint within thirty (30) days of the date of this Order. Failure to file an amended complaint within the time provided will result in dismissal of this action.

It is SO ORDERED and DATED this 30th day of March 2016.

_____
ANN AIKEN
District Judge