IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

TAYLOR JUDD,                                         Civ. No. 1:15-cv-00137-AA

                        Plaintiff,                    **ORDER**

       v.

GARY C. GUNDERSON; SHEILA R.
GUNDERSON,

                        Defendants.

_____

AIKEN, District Judge.

      This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. ECF No. 17. For the reasons set forth below, Defendants' Motion is GRANTED.

**Background**

On December 21, 2005, the parties entered into an agreement ("the 2005 Note") by which Defendants Gary C. Gunderson and Sheila R. Gunderson agreed to purchase a 1997 Silver Crest Triplewide for $122,000, "or the remaining balance that is owed to Chase Manhattan Bank, which is the current security interest holder." Am. Compl., Ex. B.[1]  The agreement provided that "[t]he Triplewide shall be transferred to purchase[r] upon payoff of said loan when purchaser herein refinances the property or the due date of the current installment note executed by the purchasers, no later than December, 2006." *Id.*

Plaintiff Taylor Judd alleges that Defendants have an ongoing duty under the 2005 Note to pay Plaintiff the amount of $122,000 at 7.5% interest from December 21, 2005, and that Defendants have not done so.[2]

On January 25, 2006, Defendants entered into a second agreement ("the 2009 Note") by which Defendants promised to pay Plaintiff $500,000 at 7.5% interest.   "Principal balance, accrued interest and any applicable costs all due and payable on or before January 25, 2009." Am. Compl., Ex. A.  Plaintiff alleges that Defendants still owe $361,128 in principal on the 2009 Note, plus 7.5% interest accruing from January 25, 2009.

**Legal Standard**

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), a complaint is construed in favor of the plaintiff and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ.*

---

[1] Throughout the current complaint, Plaintiff makes references to Notes identified as Exhibit A and Exhibit B.  No exhibits are attached to the current complaint.  It appears that Plaintiff is referencing the exhibits attached to his earlier Amended Complaint, ECF No. 6.

[2] It is not clear from its plain text that Exhibit B is a promissory note in the traditional sense, although for the purposes of this motion I will assume that it is a note for the payment of $122,000 as Plaintiff alleges.  Exhibit B does not state interest rates or repayment terms and it is not clear where Plaintiff derived this interest rate.

*Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the [c]omplaint[.]" *Daniels-Hall*, 629 F.3d at 998.

## Discussion

Plaintiff's Third Amended Complaint ("TAC") [3] brings a single claim for fraud against Defendants. Plaintiff alleges that the Defendants induced him to enter into the Notes attached to the Amended Complaint as Exhibits A and B by fraudulently misrepresenting that they would repay the loans. Plaintiff alleges that Defendants did not pay the Notes and that this was to Plaintiff's detriment. Defendant moves to dismiss the TAC as untimely.

"A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). Under Oregon law, an action for fraud or deceit must be commenced within two years and this limitation "shall be deemed to commence only from the discovery of the fraud or deceit." ORS 12.110(1). A fraud claim "accrues when the plaintiff has discovered facts *or*, in the exercise of reasonable diligence should have discovered facts that would alert a reasonable

---

[3] Plaintiff identifies the current complaint as the Third Amended Complaint. Although it is the third complaint filed in this case, *see* ECF Nos. 1, 6, and 16, it is only the second amended complaint. For the sake of consistency, I will refer to it as the Third Amended Complaint or "TAC" in this opinion.

person to the existence of an actionable injury, which are (1) harm, (2) causation, and (3) tortious conduct—*viz.* the alleged fraud." *Murphy v. Allstate Insur. Co.*, 251 Or. App. 316, 321 (2012). In order to recover on a fraud claim, a plaintiff must prove that (1) the defendant made a material misrepresentation that was false; (2) the defendant did so knowing that the representation was false; (3) the defendant intended the plaintiff to rely on the misrepresentation; (4) the plaintiff justifiably relied on the misrepresentation; and (5) the plaintiff was damaged as a result of that reliance. *Id.* at 324.

The question of when a plaintiff knew or should have known of the fraud is a question for the factfinder, "unless the evidence compels a certain answer as a matter of law." *Id.* at 322. The Oregon Supreme Court has held that this is an objective test. *Gaston v. Parsons*, 318 Or. 247, 256 (1994).

> In most cases, the inquiry will concern what a plaintiff should have known in the exercise of reasonable care. In such cases, the relevant inquiry is how a reasonable person of ordinary prudence would have acted in the same or similar situation. Relevant to this analysis will be a plaintiff's failure to make a further inquiry if a reasonable person would have done so. *The discovery rule does not protect those who sleep on their rights, but only those who, in exercising the diligence expected of a reasonable person, are unaware that they have suffered a legally cognizable harm.*

*Id.* (emphasis added, internal citations omitted); *see also Widing v. Schwabe Williamson & Wyatt*, 154 Or. App. 271, 283 (1998) (applying the discovery rule set forth in *Gaston* to a fraud claim).

"A final aspect of the discovery rule . . . is that it does not contemplate that a plaintiff's actual or inquiry knowledge must extend to all of the particulars of his or her ultimate injury." *Widing*, 154 Or. App. at 283. Instead, "the rule delays the running of the limitation period only until the plaintiff knows, or should know that *some* harm has been incurred and that *a* claim exists." *Id.* at 283-84 (emphasis in original). "The statute should not be delayed until the

plaintiff is or should be aware of the full extent of his or her damage or of all the details relevant to the claim." *Id.* at 284.

In this case, the 2005 Note does not clearly identify the date upon which it was to come due, but appears to incorporate a "current installment note" by reference. Am. Compl. Ex. B. Plaintiff alleges that no payments were ever made on the 2005 Note. The 2009 Note requires that Defendants make the first payment on January 25, 2008 and that the entire sum be paid by January 25, 2009. Am. Compl. Ex. A. Plaintiff alleges that a substantial balance of the principal on the 2009 Note remains unpaid and that Plaintiff demanded payment "[o]n numerous occasions during the six years prior to the filing of the initial complaint in this action" and that "defendants have failed and refused and continue to fail and refuse to pay such sums to plaintiff." Third Am. Compl. at 4. The initial complaint in this case was filed on January 26, 2015. ECF No. 1.

Based on the facts alleged in the TAC, Plaintiff was aware that he was being harmed by Defendants' failure repay the notes beginning on January 25, 2009. Notably, this is not a case where Defendants took steps to conceal their actions from Plaintiff. Plaintiff alleges that he repeatedly sought payment from Defendants over the course of six years from the due date of the 2009 Note until the filing of the initial complaint in 2015 and Defendants refused to comply. Plaintiff was therefore aware of the harm, the causation, and the tortious conduct.

Furthermore, when an action for fraud is brought "after the period provided by statute for the bringing of the action [the plaintiff] must negative lack of diligence in the discovery of the fraud." *Huycke v. Latourette*, 215 Or. 173, 177 (1958). "A mere allegation in a complaint that the fraudulent act was unknown until a certain date is insufficient." *Phillips v. Lithia Motors, Inc.*, Civil No. 03-3109-HO, 2006 WL 1113608, at *15 (D. Or. Apr. 27, 2006). Plaintiff pleads

no facts to negate a lack of diligence in the late filing of this action.  To the contrary, Plaintiff's own allegations compel the conclusion that he knew, or in the exercise of reasonable diligence should have known of the alleged fraud more than two years before he commenced this action. Accordingly, I conclude that Plaintiff's claim for fraud is untimely.

### Conclusion

Defendants' Motion to Dismiss, ECF No. 17, is GRANTED.  Plaintiff has amended his complaint twice and I see no way for the defects discussed above to be remedied by further amendment.  This case is DISMISSED with prejudice.

It is SO ORDERED and DATED this ___3___ day of ~~July~~ *August* 2016.


ANN AIKEN
District Judge